Filed 9/30/13  P. v. Hamilton CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JAMES CARL HAMILTON,<br><br>     Defendant and Appellant. | B244095<br><br>(Los Angeles County<br>Super. Ct. No. MA055241) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After James Carl Hamilton removed equipment from a slaughter house to sell to a recycling center, he was arrested and charged in an information with one count of second degree burglary (Pen. Code, § 459) with special allegations he had suffered one prior serious or violent felony conviction for aggravated assault within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] and had served three separate prison terms for felonies.  (Pen. Code, § 667.5, subd. (b).) Represented by counsel, Hamilton pleaded not guilty to the charge and denied the special allegations.

Following a jury trial, Hamilton was found guilty as charged.  In a bifurcated proceeding, the trial court found the special allegations true.

At the sentencing hearing, the trial court heard and denied Hamilton's motion to dismiss his prior strike convictions (*People v. Superior Court* (*Romero*) (1966) 13 Cal.4th 497; Pen. Code, § 1385) and sentenced Hamilton to an aggregate state prison term of seven years, consisting of four years for second degree burglary (the middle term doubled under the three strikes law) plus three years for the prior prison term enhancements.

The trial court awarded Hamilton 444 days of presentence custody credits (222 actual days and 222 days of conduct credits).  The court ordered Hamilton to pay a $40 court security fee, and a $30 criminal conviction assessment and a $1,500 restitution fine. The court imposed and suspended a parole revocation fine pursuant to Penal Code section 1202.45.

We appointed counsel to represent Hamilton on appeal.  After an examination of the record, counsel filed an opening brief in which no issues were raised.  On May 30, 2013, we advised Hamilton he had 30 days in which to personally submit any contentions or issues he wished us to consider.  No response has been received to date.

We have examined the record and are satisfied Hamilton's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v.*

---

[1]     The information originally alleged three prior strike convictions against Hamilton, however, two were dismissed on the People's motion.

2

*Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**